UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NERVON GAYLES,

      Plaintiff,

 -against-

ARMOR CORRECTIONAL HEALTH
SERVICES and MICHAEL SPOSATO

      Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
16-cv-1356 (JS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court on referral from the Honorable Joanna Seybert[1] to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends that this action be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**I. BACKGROUND**

By way of Complaint dated March 11, 2016, *pro se* Plaintiff Nervon Gayles ("Plaintiff" or "Gayles") commenced this action against Armor Correctional Health Services and Michael Sposato (together, "Defendants") alleging violations of his constitutional rights. *See* Docket Entry ("DE") [1].

On November 27, 2017, this Court held an initial conference and entered a Scheduling Order setting discovery deadlines and a status conference for February 12, 2018. *See* DEs [17], [18]. Plaintiff appeared by telephone for the February 12,

---

[1] This matter was originally assigned to the Honorable Joseph F. Bianco and was reassigned to Judge Seybert on May 31, 2019. *See* Electronic Order dated May 31, 2019.

1

2018 status conference and for subsequent status conferences on May 3, 2018 and July 24, 2018. *See* DEs [24], [29], [36]. Gayles also appeared for a telephone conference before Judge Bianco on May 21, 2018. *See* DE [33]. Thereafter, Plaintiff failed to appear for a status conference on December 18, 2018. *See* DE [42]. The Court contacted the correctional facility where Gayles had been incarcerated and learned that he had been released. *See id.* Plaintiff, however, had failed to inform the Court of his new address. *See* DE [43]. Accordingly, the Court adjourned the status conference to January 3, 2019. *See* DE [42]. Gayles failed to appear for the January 3, 2019 status conference. *See* DE [43]. The Court issued its first warning that "repeated failures to appear will result in a recommendation to the District Judge to dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P. 41." *See id.* Nonetheless, Plaintiff again failed to appear for a subsequent status conference on January 14, 2019. *See* DE [45].

On January 17, 2019, Gayles informed the Court that he had been released from prison and provided a new mailing address for his home in Amityville, New York. *See* DE [46]. In light of Plaintiff's representations, the Court scheduled a status conference for March 4, 2019. *See* Electronic Order dated January 22, 2019. Plaintiff appeared for the March 4, 2019 status conference and informed the Court that he intended to seek counsel and file a motion to compel. *See* DE [48]. Accordingly, the Court granted Plaintiff a 45-day period during which to find counsel and make his motion to compel and scheduled a status conference for May 20, 2019. *See id.* On March 27, 2019, Plaintiff appeared before Judge Bianco. *See* DE [50]. Plaintiff then

filed a motion to amend his Complaint on April 15, 2019. *See* DE [51]. Along with the motion seeking leave to amend, Gayles also informed the Court that he had been re-incarcerated at Riverhead Correctional Facility. *See id.* Judge Bianco granted Plaintiff's motion to amend on May 1, 2019 and ordered Gayles to file the amended complaint within 30 days. *See* DE [53]. On May 17, 2019, Defendants filed a motion to adjourn the May 20, 2019 status conference on the grounds that when they had contacted Riverhead Correctional Facility to request that Plaintiff be made available for the status conference, they were informed that he had been transferred to Yaphank Correctional Facility. *See* DE [54]. Gayles had informed neither the Court nor Defendants of this transfer. *See id.* The Court adjourned the status conference to June 6, 2017 and ordered Defendants to contact Yaphank Correctional Facility in advance of the conference to ensure that Plaintiff would be made available. *See* Electronic Order dated May 17, 2019. On May 30, 2019, Gayles requested a 30-day extension to file his amended complaint, noting that he had been unable to do so "due to unsatisfactory law library time in the county jail." *See* DE [55].[2] Plaintiff also informed the Court that he was to be released from prison and that all documents should be sent to his home in Amityville, New York. *See id.*

On June 5, 2019, counsel for Defendant Armor Correctional Health Services informed the Court that, in preparation for the upcoming June 6, 2019 status conference, he had attempted to contact Plaintiff at the telephone number and address that he had provided in his notice of change of address, *see* DE [46], but that

---

[2] The Court granted Plaintiff's request for an extension of time to file the amended complaint on June 17, 2019. *See* Electronic Order dated June 17, 2019.

he had not received a response. *See* DE [56]. Plaintiff failed to appear for the June 6, 2019 status conference. *See* DE [57]. A copy of the Minute Order from this status conference was mailed to the Amityville, New York address that Plaintiff had provided. *See id.* Thereafter, Plaintiff failed to appear for status conferences held on July 10, 2019 and August 28, 2019. *See* DE [61], [62]. After each status conference, the Court warned Plaintiff that repeated failures to appear would result in a recommendation to Judge Seybert that this case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41. *See id.* The Minute Orders from each status conference were mailed to Plaintiff at the Amityville address that he had provided. *See id.* Gayles, however, failed for a third consecutive time to appear for a status conference held on October 2, 2019. *See* DE [63].

## II. LEGAL STANDARD

Rule 41(b) authorizes the district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); s*ee LeSane v. Hall's Sec. Analyst. Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."). In considering whether dismissal for failure to prosecute is proper, courts consider the following factors:

> (1) the duration of plaintiff's failure to comply with court orders; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair

4

> chance to be heard; and (5) whether the judge has adequately considered a sanction less dramatic than dismissal.

*Green v. Rodgers*, 15-cv-2260, 2017 WL 1208746, at *6 (E.D.N.Y. Mar. 15, 2017) (citing *Davis v. Town of Hempstead*, 597 F. App'x. 31, 32 (2d Cir. 2015)), *report and recommendation adopted*, 2017 WL 1216524 (E.D.N.Y. Mar. 31, 2017); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). In conducting the analysis under Rule 41(b), "no one factor is dispositive." *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Moreover, a court is not required to discuss each factor at length so long as an explanation for dismissal is given. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *see also Baptiste*, 768 F.3d at 217 (observing that district courts are not expected to "make exhaustive factual findings or to utter . . . robotic incantations") (internal quotation marks and citation omitted). Ultimately, whether to dismiss a case for failure to prosecute lies within the court's discretion. *U.S. ex rel. Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-cv-7351, 2015 WL 740034, at *2 (E.D.N.Y. Feb. 20, 2015) (citation omitted).

## III.  DISCUSSION

Applying the standards described above, the Court respectfully recommends dismissal of this matter pursuant to Rule 41(b) for Plaintiff's failure to prosecute. The Court has not received any correspondence from Gayles nor had any communication with him since May 30, 2019, when he requested an extension of time to file his amended complaint. *See* DE [55]. As detailed above, Plaintiff has failed to appear for conferences on seven occasions throughout the duration of the case—including the past three scheduled status conferences—despite repeated warnings by

5

this Court that his continued failure to appear would result in the dismissal of his case. Under these circumstances, it appears that Gayles is not pursuing this action further, and there is no less dramatic sanction that is appropriate. Accordingly, in consideration of the above factors, the Court respectfully recommends that this case be dismissed pursuant to Rule 41(b).

## IV.  CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's claims be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## V.  OBJECTIONS

A copy of this Report and Recommendation is being served on Defendants by electronic filing on the date below. Defendants are directed to serve a copy on Plaintiff within three days of the date below and promptly file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
           October 4, 2019

s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

6